UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JONATHAN P. Y.-G.,

                          Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and

BOBBY THOMPSON, *Warden, South Texas Detention Facility*,

                          Respondents.

Civil No. 26-1100 (JRT/ECW)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Jonathan P. Y.-G. is a citizen of Ecuador and a resident of Minneapolis, Minnesota. (Verified Pet. Writ. Habeas Corpus ¶ 8, Feb. 5, 2026, Docket No. 1.) "Petitioner has advanced type 2 diabetes, requiring daily insulin injections, and has not received adequate care for his condition while in custody. In particular, he has been without an adequate supply of insulin since he was detained on January 17, 2026." (*Id.* ¶ 46.)

Given these urgent medical concerns, on February 5, 2025, the Court entered an Order directing Respondents to file an answer to the petition for a writ of habeas corpus of Petitioner by no later than 5:00 p.m. on February 6, 2026.  (Docket No. 3.)  That deadline passed, and no answer has been received.

At 5:20 p.m. on February 6, 2026, Respondents filed a Motion to Dismiss or Transfer.  (Docket No. 5.)  This Motion will be denied.  The Court concludes that in this case, the District of Minnesota—where Petitioner resides, was arrested and detained, and was his last known permanent location—is the proper forum for Petitioner to challenge his detention as unlawful.  *See Gabriel A.H.L. v. Noem*, No. 26-860, slip op. 6 at 5 (D. Minn. Feb. 6, 2026).  Moreover, the fact that Respondents' motion asserts that Petitioner is in **Texas** but jurisdiction is proper in the **District of New Mexico** further highlights the difficulty of knowing Petitioner's location and why jurisdiction is proper in Minnesota.

Respondents having failed to provide a substantive response by the deadline and having failed to produce a warrant, the Court will grant the petition for a writ of habeas corpus and will order Petitioner's immediate release.  *See e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases and concluding that release is the appropriate remedy where the Government fails to produce a warrant justifying Petitioner's arrest and detention).

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondents' Motion to Dismiss or Transfer (Docket No. [5]) is **DENIED**.

2. Petitioner Jonathan P. Y.-G.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

    b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately.  Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold.  It is preferable to release Petitioner to counsel to ensure humane treatment.

    e. Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and without conditions such as location tracking devices.

    f. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 9,**

- 4 -

**2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 6, 2026
at Minneapolis, Minnesota.
Time: 7:42 p.m.

                                    JOHN R. TUNHEIM
                             United States District Judge